Citation Nr: 1744015 
Decision Date: 09/25/17 Archive Date: 10/10/17

DOCKET NO. 17-16 578 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in San Diego, California


THE ISSUE

Entitlement to an increased rating for a left knee disability, to include restoration of a 20 percent disability rating for osteoarthritis status post arthroscopy. 


REPRESENTATION

Veteran represented by: California Department of Veterans Affairs


ATTORNEY FOR THE BOARD

E. Ko, Associate Counsel



INTRODUCTION

The Veteran had active service from December 1957 to December 1959 and from October 1961 to April 1962. 

This matter comes before the Board of Veterans' Appeals (Board) on appeal from rating decisions of the Department of Veterans Affairs (VA) Regional Office (RO) in San Diego, California. 

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c). 38 U.S.C.A. § 7107(a)(2) (West 2014).

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the Veteran if further action is required.


REMAND

VA treatment records indicate that the Veteran received treatment for his left knee from a Dr. Panse. VA treatment records also reference additional private treatment in early 2017. Remand is necessary to obtain these records. 

Accordingly, the case is REMANDED for the following action:

(This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c). Expedited handling is requested.)

1. Contact the Veteran and request that he identify the names of any VA and/or private medical care providers where he received treatment for his left knee disability, including Dr. Panse. For each named facility or provider, the Veteran should identify when he received care from that facility and/or provider. The Veteran must provide VA with signed authorizations for any private provider identified. 

Thereafter, appropriate development must be undertaken to secure all pertinent records which are not currently part of the claims file. If the RO cannot locate such records, it must specifically document all attempts that were made to locate them, and explain why further attempts to locate or obtain any government records would be futile. The RO must then: (a) notify the Veteran of the specific records that it is unable to obtain; (b) explain the efforts VA has made to obtain that evidence; and (c) describe any further action it will take with respect to the claims. The Veteran must then be given an opportunity to respond.

2. Then, readjudicate the appeal. If any benefit sought is not granted, the Veteran and his representative must be furnished a Supplemental Statement of the Case and afforded a reasonable opportunity to respond before the record is returned to the Board for further review.

The Veteran has the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).







 (CONTINUED ON NEXT PAGE)


This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
Donnie R. Hachey
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2016).